George Poster, J.
Relator herein was charged with and convicted of approximately 100 traffic offenses and fined the sum of $25 or two days’ commitment in the City Workhouse for each. He failed to pay the fine and is currently serving the alternate penalty.
It is contended on his behalf that his detention is violative of the recent ruling of the Court of Appeals in People v. Saffore (18 N Y 2d 101, 104), which held that “when payment of a fine is impossible and known by the court to be impossible, imprisonment to work out the fine, if it results in a total imprisonment of more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant’s right to equal protection of the law, and the constitutional ban against excessive fines.” Reliance on this ease in the matter at bar is misplaced. In the Saffore case, a fine of $500 was levied on the defendant who was convicted of a “ common misdemeanor ” in addition to a one-year jail sentence, with the provision that if not paid, the fine be served out in prison at the rate of $1 a day.
In the matter at bar, not only was the relator convicted of multiple separate offenses, each with possible jail penalties much in excess of the two-day alternate penalty, but he is being allowed to serve out the fines at a more realistic $12.50 a day, and his total possible incarceration, while considerable, is not unreasonable in light of the record and does not exceed statutory or constitutional limitations. The further argument advanced that the sentence pronounced “ on all the rest, twenty five dollars or two days ” was not in proper language is without merit. The judgment of the court was clear and unequivocal and no one could have been misled thereby. Writ dismissed.